Dear Mayor Saltzman:
This office is in receipt of your request for an opinion of the Attorney General in regard to utilization of auxiliary police officers by the Chief of Police. You indicate the Town of Gueydan is a Lawrason Act municipality with an elected Chief of Police. Upon the recommendation of the Chief of Police the governing authority has employed several patrolmen, and has received a list of a number of individuals as "auxiliary police officers". The latter positions are not paid and are utilized on special occasions such as football games, traffic control, or to ride with a uniformed officer. They have also been used by the Chief of Police as substitute patrolmen without approval of the Mayor and Council, being paid minimum wage. A request for "overtime pay" for two auxiliary police officers was returned to the Police Department by the Mayor with instructions that he would not a sign a check for a person not approved by the Council and that an elected Chief could not be replaced by his own approval. The auxiliary officers had worked in the Chief's position.
Based upon these related facts your ask the following questions:
 1) Can an elected Chief of Police in a Lawrason Act municipality utilize an auxiliary officer to work in his place and be compensated;
 2) Can the elected Chief of Police utilize "auxiliary" police offices on a paid status without first obtaining approval from the Mayor and Board of Aldermen; and
 3) Is payment to these auxiliary officers upon the Chief of Police's request appropriate under either or both of these circumstances.
In Atty. Gen. Op. No 99-48 it was noted that this office has repeatedly opined that all employees of the police department, including part-time and auxiliary officers, are included in the term "police personnel." While it was recognized that the elected chief of police has supervisory power over the police department personnel, it was observed that the filling of positions are done after recommendation by the chief of police by approval of the mayor and board of aldermen. As recognized in Atty. Gen. Op. No. 83-731, the mayor and board of aldermen are generally empowered to hire all municipal employees, which included personnel for the police department, although they only have authority to appoint police personnel, including auxiliary police, subject to the recommendation of the chief of police.
It follows when the governing authority appoints an individual as an uncompensated auxiliary officer, there is no authority without the approval of the mayor and board of aldermen to have those appointed personnel, compensated. While the Chief of Police supervises his department, the mayor and board of aldermen "hire" municipal personnel, and the Chief of Police cannot authorize an auxiliary officer to do any work for compensation without approval from the Mayor and Board of Aldermen.
Moreover, this office has concluded that an elected chief of police is a full time position as an official and not an employee of the municipality. He is not permitted vacation time allowed municipal employees, Atty. Gen. Op. Nos. 85-25, 85-766. Vacation leave for an elected chief of police is a matter to be granted by the governing authority, Atty. Gen. Op. Nos. 96-69, 91-88.
Therefore, it must be concluded when the governing authority appoints individuals as auxiliary police officer upon the Chief of Police's recommendation as volunteers, they are "hired" only on that basis. They cannot be compensated without approval of the governing authority.
We hope this sufficiently responds to your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr